DISTRICT OF COLUMBIA, ss:

## DECLARATION OF TOM HEINEMANN

I, Tom Heinemann, declare and say as follows:

1. I am an Assistant Legal Adviser in the Office of the Legal Adviser for the Department of State, Washington, DC. This office has responsibility for extradition requests, and I am charged with the extradition case of Piotr Jan Grabowski. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. The relevant and applicable treaty provisions in full force and effect between the United States and Poland are found in the Extradition Treaty Between the United States of America and the Republic of Poland signed July 10, 1996, and the Agreement between the United States of America and the Republic of Poland on the application of the Extradition Treaty between the United States of America and the Republic of Poland signed July 10, 1996, pursuant to Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed at Washington June 25, 2003 (the "Agreement"), with Annex, signed June 9, 2006. The Annex to the Agreement (the "Annex") reflects the integrated text of the provisions of the 1996 U.S.-Poland Extradition Treaty and the U.S.-E.U. Extradition Agreement. A copy of the Agreement and Annex are attached to this declaration.

3. In accordance with the provisions of the Annex, the Embassy of Poland has submitted Diplomatic Note No. 34-12-2019, dated October 31, 2019, formally requesting the extradition of Piotr Jan Grabowski. The Ministry of Justice of Poland submitted additional information relating to this request to the United States Department of Justice by letter dated February 27, 2020. Copies of the diplomatic note and letter are attached to this declaration.

4. In accordance with Article 22 of the Annex, the Government of the United States of America provides legal representation in U.S. courts for the Government of Poland in its extradition requests, and the Government of Poland provides legal representation in its courts for extradition requests made by the United States.

5. The offenses for which extradition is sought are covered under Article 2 of the Annex.

6. Under Article 10 of the Annex, documents that bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs, of the requesting state are admissible in extradition proceedings without further certification, authentication or other legalization. Poland, in submitting documents in the instant case that bear the certificate or seal of the Ministry of Justice, has complied with the authentication requirements of Article 10.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 30th, 2020.

TOM HEINEMANN

Attachments:

1. Copies of Note and Letter

2. Copy of Agreement with Annex



No 34-12-2019

The Embassy of the Republic of Poland presents its compliments to the United States Department of State and in accordance with the Treaty of Extradition between the Republic of Poland and the United States of America, has the honor to request to establish the exact location, the pretrial detention and extradition of Piotr Jan GRABOWSKI, a Polish citizen, born on December 10th, 1978 in Nowa Sarzyna, Poland for the purpose of enforcement of the sentence of 2 years and 6 months of imprisonment imposed upon him by means of the judgement of the Regional Court in Rzeszów of October 3rd, 2001

The attached request of the aforementioned court correspond with the Article 2 of the Extradition Treaty between the Republic of Poland and the United States of America on July 10th, 1996 and in conjunction with the Article 3 (2) of the Agreement on Extradition between the European Union and the United States of America on Extradition of June 25th , 2003.

The Embassy of the Republic of Poland avails itself of this opportunity to renew to the United States Department of State the assurances of its highest consideration.

Enclosures: Documents supporting the request.

Washington, DC, October 31th, 2019



U.S. Department of State

W a s h i n g t o n, D. C.



MINISTRY OF JUSTICE
**REPUBLIC OF POLAND**
www.ms.gov.pl

Warszawa, 27 February 2020

**Department of International Cooperation
and Human Rights**
**Division of International Legal Cooperation
in Criminal Matters**

**DWMPC-II.8041.353.2019**
(please quote when replying)

**David S. Silverbrand
Trial Attorney
Office of International Affairs
Criminal Division
United States Department of Justice
1301 New York Avenue, NW
Washington, DC 20530**

**Extradition Treaty between the Republic of Poland and the United States of America
signed in Washington on July 10, 1996.**

**Extradition of Polish citizen Piotr Jan GRABOWSKI from the USA to Poland**

**Your reference : Unknown**

Dear Mr. Silverbrand,

In reference to the email correspondence concerning the request for extradition
from the United States to Poland of Polish citizen **Piotr Jan GRABOWSKI**, the Ministry
of Justice of the Republic of Poland sends herewith the supplementary information on relevant
provisions of the Polish Criminal Code, together with English translation.

Sincerely yours,

Tomasz Chałański

Head of the Division
of International Legal Cooperation
in Criminal Matters

By: M. Augustyniak

TREATIES AND OTHER INTERNATIONAL ACTS SERIES 10-201.17

# EXTRADITION

Agreement Amending the
Treaty of July 10, 1996
Between the
UNITED STATES OF AMERICA
and POLAND

Signed at Warsaw June 9, 2006

*with*

Annex



NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89—497, approved July 8, 1966
(80 Stat. 271; 1 U.S.C. 113)—

". . .the Treaties and Other International Acts Series issued
under the authority of the Secretary of State shall be competent
evidence . . . of the treaties, international agreements other than
treaties, and proclamations by the President of such treaties and
international agreements other than treaties, as the case may be,
therein contained, in all the courts of law and equity and of maritime
jurisdiction, and in all the tribunals and public offices of the
United States, and of the several States, without any further proof
or authentication thereof."

## POLAND

### Extradition

*Agreement amending the treaty of July 10, 1996.*
*Signed at Warsaw June 9, 2006;*
*Transmitted by the President of the United States of America*
*to the Senate September 28, 2006 (Treaty Doc. 109-14,*
*109th Congress, 2d Session);*
*Reported favorably by the Senate Committee on Foreign Relations*
*July 29, 2008 (Senate Executive Report No. 110-12,*
*110th Congress, 2d Session);*
*Advice and consent to ratification by the Senate*
*September 23, 2008;*
*Ratified by the President December 11, 2008;*
*Exchange of Instruments of Ratification at*
*Warsaw June 1, 2009;*
*Entered into force February 1, 2010.*
*With annex.*

Agreement between the United States of America and the Republic of Poland on the application of the Extradition Treaty between the United States of America and the Republic of Poland signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed at Washington 25 June 2003

The United States of America and the Republic of Poland (the "Contracting States" referred to in the Annex to this Agreement),

In view of Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed at Washington 25 June 2003,

Have agreed as follows:

<u>Article 1</u>

As contemplated by Article 3(2) of the Agreement on Extradition between the United States of America and the European Union signed at Washington 25 June 2003 (hereafter "the U.S.-EU Extradition Agreement"), the United States of America and the Republic of Poland acknowledge that, in accordance with the provisions of this Agreement, the bilateral Extradition Treaty between the United States of America and the Republic of Poland signed at Washington on 10 July 1996 (hereafter "the U.S.-Poland Extradition Treaty") is applied in relation to the U.S.-EU Extradition Agreement, under the following terms:

(a)     Article 6 of the Annex to this Agreement shall be applied in place of Article 6 of the U.S.-Poland Extradition Treaty, pursuant to Article 13 of the U.S.-EU Extradition Agreement;

(b)     Article 9(1) of the Annex to this Agreement shall be applied in place of Article 9(1) of the U.S.-Poland Extradition Treaty, pursuant to Article 5(1) of the U.S.-EU Extradition Agreement;

(c)     Article 9 bis of the Annex to this Agreement shall be applied to supplement the provisions of the U.S.-Poland Extradition Treaty, pursuant to Article 14 of the U.S.-EU Extradition Agreement;

(d)     Article 10 of the Annex to this Agreement shall be applied in place of Article 10 of the U.S.-Poland Extradition Treaty, pursuant to Article 5(2) of the U.S.-EU Extradition Agreement;

(e)     Article 12(4) of the Annex to this Agreement shall be applied to supplement the provisions of the U.S.-Poland Extradition Treaty, pursuant to Articles 5(1) and 7(1) of the U.S.-EU Extradition Agreement; the previous Article 12(4) and 12(5) shall be renumbered as Articles 12(5) and 12(6) respectively;

1

(f)     Article 17 of the Annex to this Agreement shall be applied in place of Article 17 of the U.S.-Poland Extradition Treaty, pursuant to Article 10 of the U.S.-EU Extradition Agreement;

(g)     In view of Articles 3 and 5 of this Agreement, Articles 24 and 26 of the U.S.-Poland Extradition Treaty shall be deleted.  Accordingly, Article 25 of the U.S.-Poland Extradition Treaty shall be renumbered as Article 24 of the Annex, and Article 27 of the U.S.-Poland Extradition Treaty shall be renumbered as Article 25 of the Annex.

### Article 2

The Annex reflects the integrated text of the provisions of the U.S.-Poland Extradition Treaty and the U.S.-EU Extradition Agreement as a result of Article 1 of this Agreement.  This integrated text shall apply upon entry into force of this Agreement.

### Article 3

In accordance with Article 16 of the U.S.-EU Extradition Agreement, this Agreement shall apply to offenses committed before as well as after it enters into force.

### Article 4

This Agreement shall not apply to requests made prior to its entry into force.

### Article 5

1.     This Agreement shall be subject to ratification and the instruments of ratification shall be exchanged as soon as possible.  This Agreement shall enter into force on the date of entry into force of the U.S.-EU Extradition Agreement.

2.     In the event of termination of the U.S.-EU Extradition Agreement, this Agreement shall be terminated as of the date of termination of the U.S.-EU Extradition Agreement, and the U.S.-Poland Extradition Treaty shall be applied instead.  The United States of America and the Republic of Poland nevertheless may agree to continue to apply some or all of the provisions of this Agreement.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Agreement.

DONE at Warsaw this 9ᵗʰ day of June , 2006, in duplicate, in the English and Polish languages, both texts being equally authentic.

FOR THE GOVERNMENT OF THE          FOR THE GOVERNMENT OF THE
UNITED STATES OF AMERICA:          REPUBLIC OF POLAND:

2

ANNEX

EXTRADITION TREATY BETWEEN THE UNITED STATES OF AMERICA AND THE REPUBLIC OF POLAND

Article 1
Obligation to Extradite

The Contracting States agree to extradite to each other, pursuant to the provisions of this Treaty, persons whom the authorities in the Requesting State seek for prosecution or have found guilty of an extraditable offense.

Article 2
Extraditable Offenses

1. An offense shall be an extraditable offense if it is punishable under the laws in both Contracting States by deprivation of liberty for a maximum period of more than one year or by a more severe penalty.

2. An offense shall also be an extraditable offense if it consists of an attempt to commit, or participation in the commission of, an offense described in paragraph 1 of this Article. Any type of association to commit offenses described in paragraph 1 of this Article, as provided by the laws of Poland, and conspiracy to commit an offense described in paragraph 1 of this Article, as provided by the laws of the United States, shall also be extraditable offenses.

3. For the purposes of this Article, an offense shall be an extraditable offense:

   (a)   whether or not the laws in the Contracting States place the offense within the same category of offenses or describe the offense by the same terminology; or

   (b)   whether or not the offense is one for which United States federal law requires the showing of such matters as interstate transportation, or use of the mails or of other facilities affecting interstate or foreign commerce, such matters being merely for the purpose of establishing jurisdiction in a United States federal court.

4. If the offense has been committed outside the territory of the Requesting State, extradition shall be granted if the laws in the Requested State provide for the punishment of an offense committed outside its territory in similar circumstances. If the laws in the Requested State do not so provide, the executive authority of the Requested State may, in its discretion, grant extradition.

5. If extradition has been granted for an extraditable offense, it shall also be granted for any other offense specified in the request, even if the latter offense is punishable by

3

deprivation of liberty for one year or less, provided that all other requirements for extradition are met.

## Article 3
### Fiscal Offenses

An offense shall also be an extraditable offense if it consists of an offense in connection with taxes, duties, international transfers of funds, and importation, exportation, and transit of goods, even if the law of the Requested State does not require the same type of fee or tax or does not regulate fees, taxes, duties, transit of goods, and currency transactions in the same manner as the laws of the Requesting State.

## Article 4
### Nationality

1. Neither Contracting State shall be bound to extradite its own nationals, but the Executive Authority of the Requested State shall have the power to extradite such persons if, in its discretion, it be deemed proper and possible to do so.

2. If extradition is refused solely on the basis of the nationality of the person sought, the Requested State shall, at the request of the Requesting State, submit the case to its competent authorities for a decision as to prosecution.

## Article 5
### Political and Military Offenses

1. Extradition shall not be granted if the offense for which extradition is requested is an offense of a political character.

2. For the purposes of this Treaty, the following offenses shall not be considered to be of a political character:

(a) murder or any other offense against the person of a Head of State of one of the Contracting States, or of a member of the Head of State's family;

(b) an offense for which both Contracting States have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution; and

(c) murder, manslaughter, malicious wounding, or inflicting grievous bodily harm or other grievous injury to health;

(d) an offense involving kidnapping, abduction, or any form of unlawful detention, including the taking of a hostage;

4

EXT_GRABOWSKI_DECL_0012

EXT_GRABOWSKI_DECL_0013

(e) placing or using an explosive, incendiary or destructive device capable of endangering life, of causing substantial bodily harm, or of causing substantial property damage; and,

(f) an attempt to commit, or participation in the commission of, any of the foregoing offenses, as well as an association to commit these offenses as provided by the laws of Poland, or conspiracy to commit these offenses as provided by the laws of the United States.

3. Notwithstanding paragraph 2 of this Article, extradition shall not be granted if the executive authority of the Requested State determines that the request was politically motivated.

4. The executive authority of the Requested State may refuse extradition for offenses under military law which are not offenses under ordinary criminal law.

### Article 6
### Capital Punishment

Where the offense for which extradition is sought is punishable by death under the laws in the Requesting State and not punishable by death under the laws in the Requested State, the Requested State may grant extradition on the condition that the death penalty shall not be imposed on the person sought, or if for procedural reasons such condition cannot be complied with by the Requesting State, on condition that the death penalty if imposed shall not be carried out. If the Requesting State accepts extradition subject to conditions pursuant to this Article, it shall comply with the conditions. If the Requesting State does not accept the conditions, the request for extradition may be denied.

### Article 7
### Prior Prosecution

1. Extradition shall not be granted when the person sought has been convicted or acquitted with final and binding effect in the Requested State for the offense for which extradition is requested.

2. Extradition shall not be precluded by the fact that the competent authorities in the Requested State have decided either:

(a) not to prosecute the person sought for the acts for which extradition is requested; or

(b) to discontinue any criminal proceedings which have been instituted against the person sought for those acts.

5

### Article 8
### Lapse of Time

Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the law of the Requesting State.

### Article 9
### Extradition Procedures and Required Documents

1. Requests for extradition and supporting documents shall be transmitted through the diplomatic channel.

2. A request for extradition shall be supported by:

  (a)  documents, statements, or other types of information which describe the identity, nationality, and probable location of the person sought;

  (b)  information describing the facts of the offense and the procedural history of the case;

  (c)  the text of the law describing the essential elements of the offense for which extradition is requested;

  (d)  the text of the law prescribing the punishment for the offense;

  (e)  a statement of the provisions of law describing any time limit on the prosecution or enforcement of the penalty for the offense for which extradition has been sought; and

  (f)  the documents, statements, or other types of information specified in paragraph 3 or paragraph 4 of this Article, as applicable.

3. A request for extradition of a person who is sought for prosecution shall also be supported by:

  (a) a copy of the warrant or order of arrest, if any, issued by a judge or other competent authority;

  (b) a copy of the charging document, if any; and

  (c) such information as would justify the committal for trial of the person if the offense had been committed in the Requested State.

6

4. A request for extradition relating to a person who has been found guilty of the offense for which extradition is sought shall also be supported by:

    (a) a copy of the warrant or order of arrest, if any, issued by a judge or other competent authority;

    (b) a copy of the judgment of conviction or, if such copy is not available, a statement by a judicial authority that the person has been found guilty;

    (c) information establishing that the person sought is the person to whom the finding of guilt refers;

    (d) a copy of the sentence imposed, if the person sought has been sentenced, and a statement establishing to what extent the sentence has been carried out; and

    (e) in the case of a person who has been convicted in absentia, the documents required in paragraph 3.

## Article 9 bis
### Sensitive Information in a Request

Where the Requesting State contemplates the submission of particularly sensitive information in support of its request for extradition, it may consult the Requested State to determine the extent to which the information can be protected by the Requested State. If the Requested State cannot protect the information in the manner sought by the Requesting State, the Requesting State shall determine whether the information shall nonetheless be submitted.

## Article 10
### Admissibility of Documents

Documents that bear the certificate or seal of the Ministry or Department of Justice, or Ministry or Department responsible for foreign affairs, of the Requesting State shall be admissible in extradition proceedings in the Requested State without further certification, authentication, or other legalization.

## Article 11
### Translation

All documents submitted by the Requesting State shall be translated into the language of the Requested State.

7

## Article 12
## Provisional Arrest

1. In case of urgency, a Contracting State may apply for the provisional arrest of the person sought before the request for extradition is submitted. An application for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Justice of the Republic of Poland. The facilities of the International Criminal Police Organization (INTERPOL) may be used to transmit such a request.

2. The application for provisional arrest shall contain:

(a) a description of the person sought and information concerning the person's nationality;

(b) the location of the person sought, if known;

(c) a brief statement of the facts of the case, including, if possible, the time and location of the offense;

(d) a description of the laws violated;

(e) a statement of the existence of either:

(i) a warrant of arrest for a person sought for prosecution or already found guilty but not yet sentenced, or

(ii) a judgment of conviction against a person sought for the enforcement of a sentence; and

(f) a statement that a request for extradition for the person sought will follow.

3. The Requesting State shall be notified without delay of the disposition of its application and the reasons for any denial.

4. If the person whose extradition is sought is held under provisional arrest by the Requested State, the Requesting State may satisfy its obligation to transmit its request for extradition and supporting documents through the diplomatic channel pursuant to Article 9, by submitting the request and documents to the Embassy of the Requested State located in the Requesting State. In that case, the date of receipt by the Embassy shall be considered to be the date of receipt by the Requested State for purposes of applying the time limit that must be met under paragraph 5 of this Article in order to enable the person's continued detention.

8

EXT_GRABOWSKI_DECL_0016

5. A person who is provisionally arrested shall be discharged from custody upon the expiration of sixty (60) days from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the formal request for extradition and the supporting documents required in Article 9.

6. The fact that the person sought has been discharged from custody pursuant to paragraph (5) of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date.

## Article 13
### Additional Information

If the Requested State considers that the information furnished in support of a request for extradition is not sufficient to fulfill the requirements of this Treaty, that State may request that additional information be furnished within such a reasonable length of time as it specifies. Such additional information may be requested and furnished directly between the United States Department of Justice and the Ministry of Justice of Poland or through the diplomatic channel.

## Article 14
### Decision and Surrender

1. The Requested State shall promptly notify the Requesting State of its decision on the request for extradition.

2. If the request is denied in whole or in part, the Requested State shall provide an explanation of the reasons for the denial. The Requested State shall provide copies of pertinent judicial decisions upon request.

3. If the request for extradition is granted, the authorities of the Contracting States shall agree on the time and place for the surrender of the person sought.

4. Surrender of the person sought shall take place within such time as may be prescribed by the laws of the Requested State. If the law of the Requested State does not provide a specific time for surrender, it shall take place within thirty (30) days from the date on which the Requesting State is notified of the decision to extradite.

5. If the person sought is not removed from the territory of the Requested State within the time required under paragraph (4), he may be set at liberty. The Requested State may subsequently refuse to extradite the person sought for the same offense.

9

EXT_GRABOWSKI_DECL_0017

EXT_GRABOWSKI_DECL_0018

6. If circumstances beyond its control prevent a Contracting State from timely surrendering or taking delivery of the person to be extradited, it shall notify the other Contracting State before the expiration of the time limit. In such a case the competent authorities of the Contracting States may agree upon a new date for the surrender.

## Article 15
### Convictions in Absentia

If a Contracting State has applied to the other State for extradition of a person convicted in absentia, the executive authority of the Requested State may refuse to surrender the person if it deems that the proceedings in absentia did not ensure the minimum right to defense to which the person charged is entitled. Extradition may be effected, however, if the Requesting State guarantees, in a manner deemed adequate, that the case against the person whose extradition is requested will be reopened, with guaranteed right of defense.

## Article 16
### Temporary and Deferred Surrender

1. If the extradition request is granted in the case of a person who is being prosecuted for an offense other than that for which extradition is sought or is serving a sentence in the territory of the Requested State for an offense other than that for which extradition is sought, the Requested State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution. The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by agreement of the Contracting States.

2. The Requested State may postpone the extradition proceedings against a person who is being prosecuted for the same offense for which that person is sought or any other offense, or who is serving a sentence in that State for an offense other than that for which extradition is sought. The postponement shall continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.

## Article 17
### Requests for Extradition or Surrender Made by Several States

1. If the Requested State receives requests from the Requesting State and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the executive authority of the Requested State shall determine to which State, if any, it will surrender the person.

10

EXT_GRABOWSKI_DECL_0019

2. If the Republic of Poland receives an extradition request from the United States of America and a request for surrender pursuant to the European arrest warrant for the same person, either for the same offense or for different offenses, its executive authority shall determine to which State, if any, it will surrender the person.

3. In making its decision under paragraphs 1 and 2 of this Article, the Requested State shall consider all of the relevant factors, including, but not limited to, the following:

(a)   whether the requests were made pursuant to a treaty;
(b)   the places where each of the offenses was committed;
(c)   the respective interests of the requesting States;
(d)   the seriousness of the offenses;
(e)   the nationality of the victim;
(f)   the possibility of any subsequent extradition between the requesting States; and
(g)   the chronological order in which the requests were received from the requesting States.

## Article 18
## Seizure and Surrender of Property

1. To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all articles, documents, and evidence connected with the offense in respect of which extradition is granted. The items mentioned in this Article may be surrendered, to the extent permitted under the law of the Requested State, even when extradition cannot be effected due to the death, disappearance, or escape of the person sought.

2.   The Requested State may condition the surrender of the property upon satisfactory assurances from the Requesting State that the property will be returned to the Requested State as soon as practicable. The Requested State may also defer the surrender of such property if it is needed as evidence in the Requested State.

3. The rights of third parties in such property shall be duly respected.

## Article 19
## Rule of Speciality

1. A person extradited under this Treaty may not be detained, prosecuted, sentenced, or punished in the Requesting State except for:

(a) an offense for which extradition has been granted or a differently denominated offense based on the same facts on which extradition was granted, provided such offense is extraditable or is a lesser form of such offense;

11

(b) an offense committed after the extradition of the person; or

(c) an offense for which the executive authority of the Requested State has consented to the person's detention, prosecution, sentencing, or punishment. For the purpose of this subparagraph:

   (i) the Requested State may require the submission of the documents specified in Article 9; and

   (ii) unless the Requested State objects in writing, the person extradited may be detained by the Requesting State for ninety (90) days, or for such longer period of time as the Requested State may authorize, while the request is being processed.

2.   A person extradited under this Treaty may not be extradited to a third State for an offense committed prior to the surrender unless the surrendering State consents.

3.   Paragraph 1 and 2 of this Article shall not prevent the detention, prosecution, sentencing, or punishment of an extradited person, or the extradition of that person to a third State, if:

   (a) that person leaves the territory of the Requesting State after extradition and voluntarily returns to it; or

   (b) that person does not leave the territory of the Requesting State within thirty (30) days of the day on which that person is free to leave.

## Article 20
## Simplified Extradition

If the extradition of a person sought to the Requesting State is not obviously precluded by the laws of the Requested State and provided the person sought irrevocably agrees in writing to his extradition after personally being advised by a judge or competent magistrate of his rights to formal extradition proceedings and the protection afforded by them that he would lose, the Requested State may surrender the person sought without a formal extradition proceeding having taken place. In this case Article 19 shall not be applicable.

## Article 21
## Transit

1. Either Contracting State may authorize transportation through its territory of a person surrendered to the other State by a third State. A request for transit shall be made through the diplomatic channel or directly between the United States Department of

12

EXT_GRABOWSKI_DECL_0020

EXT_GRABOWSKI_DECL_0021

Justice and the Ministry of Justice of the Republic of Poland. The facilities of the International Criminal Police Organization (INTERPOL) may be used to transmit such a request. It shall confirm a description of the person being transported and a brief statement of the facts of the case. A person in transit may be detained in custody during the period of transit.

2. No authorization is required where air transportation is being used by one Contracting State and no landing is scheduled on the territory of the other Contracting State. If an unscheduled landing occurs on the territory of the other Contracting State, that Contracting State may require the request for transit as provided in paragraph 1. That Contracting State may detain the person to be transported until the request for transit is received and the transit is effected, so long as the request is received within ninety-six (96) hours of the unscheduled landing.

## Article 22
### Representation and Expenses

1. The Requested State shall assist, appear in court, and represent the interests of the Requesting State, in any proceeding arising out of a request for extradition.

2. The Requesting State shall bear the expenses related to the translation of documents and the transportation of the person surrendered. The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

3. Neither State shall make any other pecuniary claim against the other State arising out of extradition procedures under this Treaty.

## Article 23
### Consultation

1. The United States Department of Justice and Ministry of Justice of the Republic of Poland may consult with each other directly or through the facilities of INTERPOL, in connection with the processing of individual cases and in furtherance of maintaining and improving procedures for the implementation of this Treaty.

2. The Requesting State shall, at the request of the Requested State, inform the Requested State of the status of criminal proceedings against persons who have been extradited, and provide a copy of the final and binding decision if one has been issued in the case in question.

13

### Article 24
### Executive Authorities

For the United States of America, the executive authority shall be the Secretary of State or a person designated by the Secretary of State. For Poland, the executive authority shall be the Minister of Justice-Attorney General or a person designated by the Minister of Justice-Attorney General.

### Article 25
### Termination

Either Contracting State may terminate this Treaty at any time by giving written notice to the other Contracting State, and the termination shall be effective six months after the date of the receipt of such notice.

14