

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street, 25th Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut  06510* | *www.justice.gov/usao-ct* |

November 18, 2020

*Via CM/ECF Electronic Filing*

The Honorable William I. Garfinkel
Brien McMahon Federal Building
United States Courthouse
915 Lafayette Boulevard - Suite 429
Bridgeport, Connecticut 06604

        Re:    In the Matter of the Extradition of Piotr Jan Grabowski
                 3:20-mc-00068-WIG

Your Honor,

      I write to respond to the letter of Liviuz Ilasz, Esq., attorney for Piotr Jan Grabowski ("Grabowski" or the "fugitive"), dated November 13, 2020.  (Doc. No. 22).  In his letter, Attorney Ilasz requests a conference to re-review your previous denials of Grabowski's motions for release on bond during the pendency of his extradition matter.  The Government continues to oppose Grabowski's requests for bond and posits that a conference to re-review the previous denials is not necessary as no material change has rendered Grabowski eligible for release.  As was the case when the Court denied his release on August 28, 2020, and on November 4, 2020, Grabowski remains a flight risk and has failed to demonstrate any special circumstances – each foreclosing release on bond under binding precedent.  Consequently, should Attorney Ilasz's letter be construed as a motion for bond, the motion should be denied.

      I also write this letter to correct misstatements in Attorney Ilasz's letter.[1]  Attorney Ilasz asserts that he and I came to a "tentative agreement" on bond for his client, which "the State Department unreasonably declined."  The U.S. Department of State has not been in any way involved in the Government's decisionmaking, nor did he and I ever reach a tentative agreement regarding release.

      To the extent that Attorney Ilasz is referring to the position of the U.S. Department of

---

[1] Here, it is important to note that I do not know whether the misstatements are inadvertent or purposeful, and certainly at least one of these misstatement appears inadvertent.

*Letter to the Honorable William I. Garfinkel*
*November 18, 2020*
*Page 2 of 3*

Justice, Attorney Ilasz and I discussed potential bond conditions telephonically, as Your Honor suggested. Attorney Ilasz made an initial proposal. In response, I suggested that he modify the proposal. In doing so, I expressly stated that I was not making a counterproposal that he could accept, but merely offering an idea as part of the discussions. I advised Attorney Ilasz that the modified proposal would be something that the "Department" was more likely to accept than his original proposal, but that I would nevertheless need to discuss it with others both in my office and Washington D.C.

Here, I was referring to the Department of Justice, not the State Department,[2] and conversations I would need to have both within the Connecticut U.S. Attorney's Office and with Washington D.C.-based Justice Department attorneys at the Office of International Affairs, which oversees and consults on extradition matters nationwide. Attorney Ilasz asked me to have those discussions regarding the modified proposal. After internal deliberations, the decision was made not to consent to Attorney Ilasz's proposal for release. I communicated that decision to Attorney Ilasz. At no point was there a tentative agreement regarding release.

Substantively, Grabowski's request for reconsideration of the bond denial should be rejected. There have been no material changes in circumstances. Attorney Ilasz's letter offers only two potentially new points, but neither is a material change that should reverse the Court's decision.

First, Attorney Ilasz provides that Grabowski's sister has filed an immigration petition on behalf of Grabowski. He asserts that "the application will be approved." Despite this categorical assertion, Grabowski remains a convicted rapist who, despite never being granted admission to the United States, has been living and working in the United States without legal status for seventeen years. Moreover, even if he were to overcome the immigration hurdles and gain status, he nevertheless would be extraditable as neither legal permanent residency status nor even U.S. citizenship preclude extradition. Finally and critically, legal status, and certainly the possibility of future legal status, do not factor into the determination of whether Grabowski is a flight risk and, thus, whether he is eligible to be released on bond during extradition proceedings.

Second, as the only other new point in the letter, Grabowski proposes a modification to the conditions of his release. He adds the condition that he "will surrender himself to the authorities a day before his Extradition Hearing." This additional term reflects the suggestion I made and the resulting modified proposal the parties discussed telephonically. Even with this added term, however, Grabowski still does not come close to meeting the requirements for a fugitive facing extradition to be released on bond.

As the Government noted at the bail hearing on November 4, 2020, to be granted bond, a

---

[2] Attorney Ilasz's assertion that the State Department declined his proposal was likely an inadvertent misstatement due to the misunderstanding between us because I referred to the Department of Justice as simply the "Department." However, it is important to note that it was the Department of Justice that rejected his proposal, and at no point have I spoken to anyone from the State Department regarding this matter.

fugitive must show that he is not a flight risk, not a danger to the community, and that special circumstances exist warranting his release.  Grabowski has not proffered any special circumstances that distinguish him from a litany of other fugitives and support his release, nor does he assert any special circumstances in this letter.  Moreover, Grabowski remains a flight risk.  Grabowski's proposed term is directed at reasonably assuring his appearance at the extradition hearing – reflecting the "reasonable assurance" standard found under the Bail Reform Act.  That standard is not applicable for release on bond in extradition cases where the standard is far more strict.  Here, Grabowski must show that he is not a flight risk.  Adding another condition to Grabowski's terms of release – one that limits the amount of time for which he is released – does not materially alter the conclusion that he is a flight risk.

Grabowski has been a fugitive for nearly two decades, evading over two years of imprisonment in Poland.  He now knows that Poland has not given up on that time and is actively seeking his incarceration.  Should he be released on bond, he will face the decision whether to face that punishment or continue his attempts to evade justice.  When faced with that decision nearly twenty years ago and every day since, he has chosen to flee.  His motivation to avoid that punishment has only increased in the interim.  He remains a flight risk.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
KONSTANTIN LANTSMAN
ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. phv10692
Konstantin.Lantsman@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: (203) 821-3700