UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In the Matter of the Extradition of | : | |
| | : | |
| PIOTR JAN GRABOWSKI | : | Case No. 3:20-mc-00068 (WIG) |
| a/k/a "Walerek" | : | |
| | : | December 8, 2020 |
| | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF EXTRADITION**

The Government respectfully submits this Reply Memorandum to address briefly arguments made in Piotr Jan Grabowski's Memorandum of Law in Opposition of Extradition (the "Grabowski Brief"). The Government here does not address every point asserted in the Grabowski Brief; those points that are not addressed below have been sufficiently addressed in the Government's opening brief.

**I.   The Polish Judgment Establishes that the Polish Trial Court Discredited the Victim's Recantation and Convicted Grabowski, Thereby Establishing Probable Cause to Certify Extradition**

Pursuant to 18 U.S.C. § 3184, the judicial officer's inquiry is confined to whether (1) the judicial officer is authorized to conduct the extradition proceeding; (2) the Court has jurisdiction over the fugitive; (3) the applicable extradition treaty is in full force and effect; (4) the crimes for which surrender is requested are covered by the treaty; and (5) there is sufficient evidence to support a finding of probable cause as to the charges for which extradition is sought. *See id.*; *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *see also Skaftouros v. United States*, 667 F.3d 144, 154–55 (2d Cir. 2011). "If the judicial officer answers these questions in the affirmative, he or she 'shall certify' the extraditability of the fugitive to the Secretary of State." *Cheung v. United States*, 213 F.3d 82, 88 (2d Cir. 2000) (quoting 18 U.S.C. § 3184).

The Grabowski Brief challenges only the fifth criterion: whether the evidence supports a finding of probable cause.[1]  *See* Grabowski Br. at 5–7.  Critically, Grabowski is not being sought to stand charges; rather, he has been convicted in Poland after a trial for which he was present.  As such, the Polish judgment of conviction, which Poland's extradition request includes, is definitive evidence of probable cause under binding Second Circuit precedent.  Yet, the Grabowski Brief fails to address this precedent.

The Second Circuit has been unequivocal that probable cause is established in cases where a fugitive's

> convictions were obtained following a trial at which [the fugitive] was present and represented by counsel.  To hold that such convictions do not constitute probable cause in the United States would require United States judicial officers to review trial records and, consequently, substitute their judgment for that of foreign judges and juries.  Such an inquiry would be inconsistent with principles of comity.

*Spatola v. United States*, 925 F.2d 615, 618 (2d Cir. 1991) (holding that "a certified copy of a foreign conviction, obtained following a trial at which the defendant was present, is sufficient to sustain a judicial officer's determination that probable cause exists to extradite.").

The Grabowski Brief, in asserting that the victim's recantation somehow negates probable cause, ignores that, as the Polish judgment reflects, the Polish trial court heard and discredited the victim's recantation.[2]  In arguing that the recantation negates probable cause, Grabowski is asking this Court to make a credibility determination: whether to believe the recantation or the original statements.  Worse, in this case, Grabowski is asking a U.S. extradition court to stand in the shoes

---

[1] In doing so, Grabowski is, presumably, conceding that the other elements to certify extradition are satisfied.

[2] Previous briefing has sufficiently addressed the inadmissibility of the affidavit Grabowski submits because Grabowski proffers it to contradict Poland's submissions and assert his innocence, not to explain Poland's submissions or to challenge their competence.  For this reason, the Government will not address the inadmissibility of the affidavit in this Reply Memorandum while maintaining its objection to its admission.

of the foreign trial court and reject the credibility determinations made by the foreign trial court. U.S. extradition courts properly put recantation evidence aside where they cannot assess the credibility of the recantation without conducting a trial. *See, e.g.*, *Eain v. Wilkes*, 641 F.2d 504, 511–12 (7th Cir. 1981) ("An accused in an extradition hearing has no right to contradict the demanding country's proof or to pose questions of credibility as in an ordinary trial, but only to offer evidence which explains or clarifies that proof. To do otherwise would convert the extradition into a full-scale trial, which it is not to be. . . . [R]ecantations are matters to be considered at the trial, not the extradition hearing.") (citing *Shapiro v. Ferrandina*, 478 F.2d 894, 905 (2d Cir. 1973)); *see also United States v. Pena-Bencosme*, No. 05-MJ-1518 (SMG), 2007 WL 3231978, at *6 (E.D.N.Y. Oct. 30, 2007). The existence of evidence "contradicting or calling into question the requesting state's primary evidence ordinarily has no import as it does not vitiate or obliterate probable cause, but rather merely 'pose[s] a conflict of credibility'" that a U.S. extradition court is not positioned to adjudicate. *In re Pena-Bencosme*, 341 F. App'x 681, 683 (2d Cir. 2009) (quoting *Shapiro*, 478 F.2d at 905).

   The record reflects that the Polish court was aware of the victim's recantation, which it fully considered it and determined was not credible. The Polish court reviewed a wide range of evidence, heard from live witnesses, and stood in a far better position to make the necessary credibility determinations. As the Second Circuit has advised, this extradition Court should not attempt to conduct a new trial or substitute its judgment for that of the Polish court. *See Spatola*, 925 F.2d at 618. Comity requires that this Court find that the "certified copy of a foreign conviction, obtained following a trial at which the defendant was present, is sufficient to" establish that probable cause exists to extradite. *Id.*

The cases Grabowski cites are inapposite. In the *Contreras* matter, the **only** evidence supporting probable cause was confessions, which were alleged to have been coerced and recanted at the first opportunity at a judicial hearing. *See In re Extradition of Contreras*, 800 F. Supp. 1462, 1465 (S.D. Tex. 1992). The *Contreras* court made clear that its rule was limited to a situation where the inculpatory statement was the only evidence supporting probable cause, the inculpating "prior statement is shown to be coerced and the indicia of reliability is on the recantation." *Id.* at 1469. The other case cited is similarly one where the recantation "negates the **only** evidence of probable cause. . . [and where] the substance and circumstances of the recantation indicate that it has more indicia of reliability than the original accusations." *Republic of France v. Moghadam*, 617 F. Supp. 777, 783 (N.D. Cal. 1985) (emphasis added).

Here, in contrast, Poland has submitted extensive evidence supporting probable cause beyond the victim's original inculpating statements and her trial accusation. (Doc. No. 1-2 at 52–65). Moreover, the trial court, which convicted Grabowski, was fully aware of her recantation and addressed the recantation in its decision. *See, e.g.*, *id.* at 55 (noting that the victim's statement to withdraw her motion for criminal prosecution was the result of prompting by the Grabowski family), 57 (noting that "[i]t is also an essential fact in the case that Piotr Grabowski's family gave [the victim] a certain amount of money, which was supposed to financially gratify the harm that had been suffered by her"), 58 (noting that despite "present[ing] the description of events that was very advantageous to Piotr Grabowski . . . . [and] attempts to make the defendant not liable for the crime, [the victim] consequently testified that she had been dragged to the house by two perpetrators"), 59 (noting that the victim's "testimony that was given during the investigation deserves to be fully trusted, corresponds to the evidence gathered in this case"); 60 (rejecting parts

4

of the victim's trial testimony as "not logical" and "contrary to the collected evidence as well as contrary to the defendant's accounts"), 60 (calling arguments that the victim was "in a state of shock" and "afraid of the Prosecutor" "totally unconvincing").  Thus, it determined that the victim's original statements to the Polish police had more indicia of reliability than the recantation. Moreover, as previously discussed, the Polish trial court cited additional evidence of Grabowski's guilt beyond the victim's statements to the police.  All of these findings in the Polish judgment against Grabowski – rather than a single accusation as in *Contreras* – establish probable cause to believe that Grabowski committed the offenses for which Poland seeks extradition.

The evidence Poland has submitted fulfills the relevant Treaty requirements.  The Court must therefore "certify the same" to the Secretary of State, who will then decide whether to surrender the fugitive.  18 U.S.C. § 3184.

## II. Considerations Beyond Those Enumerated in 18 U.S.C. § 3184 Are for the Secretary of State, Not This Court, To Consider

Under 18 U.S.C § 3184, if a judge, "deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention," then "he **shall** certify the same." (emphasis added).  The statute does not provide discretion for the judge to consider factors beyond the five that both parties have enumerated.  *See id.*; *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925); *see also Skaftouros v. United States*, 667 F.3d 144, 154–55 (2d Cir. 2011).

Grabowski, however, argues that this Court should consider concerns that certain European courts allegedly have expressed, in cases unrelated to this one, regarding the fairness, potential bias, and independence of Polish courts.  *See* Grabowski Br. at 7–9.  Such considerations – although they may be permitted under various European legal regimes – would contravene the language of the U.S. extradition statute, which does not provide such discretion; instead, 18 U.S.C.

5

§ 3184 commands judges to certify a fugitive as extraditable where specific standards are met. Moreover, such inquiry would run afoul of the well-established rule of non-inquiry, pursuant to which the any concerns a fugitive may have about the integrity of the Polish judicial system, or treatment he may receive abroad if eventually extradited, are within the sole province of the executive branch – specifically, for the Secretary of State to consider.

Critically, the certification of a fugitive as extraditable does not conclude the process. After the Court completes its "limited inquiry, the Secretary of State conducts an independent review of the case to determine whether to issue a warrant of surrender." *Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 829 (11th Cir. 1993). "The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual [fugitive] as well as foreign relations, which the extradition magistrate may not." *Id.* Such discretion is properly placed in the Secretary of State who is in a much better position to evaluate the various judicial systems around the world and to weigh the impact on U.S. foreign relations of refusing extradition on the grounds that a country's judicial system is deficient.

**III.     CONCLUSION**

For the foregoing reasons, the government respectfully requests the certification of Grabowski as extraditable to Poland on the charges of rape and participating in a brawl or beating leading to injury.

JOHN H. DURHAM
UNITED STATES ATTORNEY

By: _____
KONSTANTIN LANTSMAN
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. phv10692
Konstantin.Lantsman@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: (203) 821-3700
