UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| THE EXTRADITION OF ) | Case No. 3:20-mc-00068 (WIG) |
| ) | |
| PIOTR JAN GRABOWSKI ) | December 16, 2020 |
| ) | |
| a/ka/ "Walerek" ) | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO EXCLUDE SUBMISSION OF RECANTATION EVIDENCE,
INCLUDING ORAL TESTIMONY, AT THE EXTRADITION HEARING**

The Government respectfully moves the Court to exclude all recantation evidence submitted by Piotr Jan Grabowski (Grabowski or the "Fugitive"), including oral testimony at the extradition hearing. Grabowski has argued for the inclusion of recantation evidence in order to disprove the existence of probable cause to believe that Grabowski committed the offenses for which Poland seeks his extradition. In its Memorandum of Law in Support of Extradition (Doc. No. 23) and in its Reply Memorandum of Law in Support of Extradition (Doc. No. 28), the Government laid out why recantation evidence is not admissible in an extradition hearing. Particularly, a fugitive may not introduce evidence that contradicts the evidence the government submits on behalf of the requesting country, but may only introduce evidence explaining the submitted evidence. *See Charlton v. Kelly*, 229 U.S. 447, 457–58 (1913). Evidence that "would only pose a conflict of credibility" should be excluded from an extradition hearing. *Shapiro v. Ferrandina*, 478 F.2d 894, 905–06 (2d Cir. 1973). Such evidence is properly excluded because an extradition hearing should not be a full-scale trial where credibility determinations have to be made. The process is designed to allow the demanding country to submit limited evidence that establishes probable cause without requiring submission of all evidence; if the fugitive is permitted to submit contradictory evidence and insisting upon a full hearing and trial, "that might

compel the demanding government to produce all its evidence here, both direct and rebutting, in order to meet the defense thus gathered from every quarter. The result would be that the foreign government . . . would be compelled to go into a full trial on the merits in a foreign country. . .. This would be in plain contravention of the intent and meaning of the extradition treaties." *Collins v. Loisel*, 259 U.S. 309, 316 (1922) (quoting *In re Extradition of Wadge*, 15 F. 864, 866 (S.D.N.Y. 1883)). Accordingly, the Court should not admit Grabowski's recantation evidence

Furthermore, the Government was recently informed that Grabowski intends to call the victim to testify as a witness. The witness would be located in Poland, and her testimony would be presented by live video. The Government further objects to such testimony being considered by the Court and allowing such testimony opens the door to a multitude of other issues.

For example, it is not possible for the Court to confirm that the witness is who she purports to be. Moreover, the Government would expect that the Court would require the witness to swear an oath suggesting that she would be subject to perjury charges should she provide false testimony. Yet, it is far from clear whether the witness would actually be subject to such charges where she is physically outside the jurisdiction of the United States.

Further, the Government would expect to be permitted to cross-examine the witness. Yet doing so effectively is not possible without an investigation into her background and a review of her statements to Polish investigators and her testimony at Grabowski's trial in Poland. Given the inconsistencies in her previous statements, the evidence that she has been paid to recant, and the Polish court's finding that her initial inculpating statement was more credible than her recantation, an effective cross-examination requires a fuller evidentiary review to allow the Court to assess her credibility. Extradition treaties, however, intentionally do not permit such

contradictory testimony because Poland, to effectively assert its rights, would be compelled to provide all of its evidence in order to engage in a full-blown trial in the United States.[1]

Extradition hearings are not intended to be trials open to new evidence.  Rather, they constitute limited inquiries at which an authorized judicial officer reviews the submission of a demanding foreign government to ensure that it meets the statutory and treaty requirements and establishes probable cause that the fugitive committed the alleged offense.  Here, Poland has gone above and beyond by submitting such a robust judgment of conviction.  As the Second Circuit has found, "a certified copy of a foreign conviction, obtained following a trial at which the defendant was present, is sufficient to sustain a judicial officer's determination that probable cause exists to extradite." *Spatola v. United States*, 925 F.2d 615, 618 (2d Cir. 1991).  "To hold that such convictions do not constitute probable cause in the United States would require United States judicial officers to review trial records and, consequently, substitute their judgment for that of foreign judges and juries." *Id.*  The U.S. extradition statute, 18 U.S.C. § 3184, extradition treaties, binding Supreme Court and Second Circuit precedent, and principles of comity all firmly reject opening the door to the introduction of contradictory evidence and engaging in what would become a full-scale trial.

---

[1] Moreover, credibility determinations are notoriously difficult, if not impossible, to make over a video conference. For this reason, the CARES Act, in allowing remote hearings, does not extend to hearings during which credibility determinations must be made.

For the foregoing reasons, the Court should exclude the recantation evidence offered by Grabowski.

<p style="margin-left:40%">
JOHN H. DURHAM<br>
UNITED STATES ATTORNEY
</p>

By: _____

KONSTANTIN LANTSMAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv10692
Konstantin.Lantsman@usdoj.gov
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: (203) 821-3700