UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

In the Matter of the Extraction of     :
Piotr Grabowski a/k/a Walerek     :
    :    3:20-mc-00068
    :
    :
    :
    :
    :

**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
SUBMISSIONS OF RECANTATION EVIDENCE INCLUDING ORAL TESTIMONY,
AT THE EXTRADITION**

Livius Ilasz an attorney at law duly admitted to practice before the courts of the State of New York, moves this Court deny the Government's motion.

## LEGAL STANDARD

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Altman v. New Rochelle Pub. Sch. Dist., No. 13 CIV. 3253 (NSR), 2017 WL 66326, at *5 (S.D.N.Y. Jan. 6, 2017) (quoting Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996)). A motion in limine "seeking to prohibit generic, unspecified 'prejudicial' testimony [is] not useful, and is properly denied." United States v. Enns, No. 15-10045- JTM, 2015 WL 8770006, at *1 (D. Kan. Dec. 14, 2015).

## ARGUMENT

    I.     **THE ALLEGED VICTIM'S RECANTATION IS ADMISSIBLE BECAUSE IT IS EXPLANATORY EVIDENCE WHICH ENTIRELY ELIMINATES PROBABLE CAUSE**

A fugitive may only introduce evidence explaining the submitted evidence. See Charlton, 229 U.S. at 457–58; Hoxha, 465 F.3d at 561 ("Courts have traditionally distinguished between

inadmissible 'contradictory evidence,' which merely conflicts with the government's evidence, and admissible 'explanatory evidence,' (*which is apart of the government's case in chief and which entirely eliminates probable cause*) which entirely eliminates probable cause."). Ordinola, 478 F.3d at 608. 13 A. The general rule with regards to whether evidence is explanatory or contradictory is that evidence that explains away or completely obliterates probable cause is admissible, while evidence that merely controverts the existence of probable cause is not.") (internal quotation marks omitted); Koskotas v. Roche, 931 F.2d 169, 175 (1st Cir. 1991). Again, the accused may offer evidence to explain the government's proof without contradicting it. United States v. Lui Kin-Hong, 110 F.3d 103 (1st Cir. 1997). This was exactly done here by the alleged victim recanting her previous testimony during the trial. The probable cause disappeared.

Opposing counsel fails to recognize that the courts have found that the recantation of evidence by the government has been found to be explanatory and thus admissible. One circuit court has suggested that a recantation of inculpatory evidence does not constitute admissible explanatory evidence in an extradition hearing. See Eain v. Wilkes, 641 F.2d 504, 511 (7th Cir. 1981) (refusing to admit such evidence because it "do[es] not explain the government's evidence, rather [it] tend[s] to contradict or challenge the credibility of the facts implicating petitioner"). Several district courts have found recantation evidence to be admissible. See, e.g., In re Extradition of Contreras, 800 F. Supp. 1462, 1465 (S.D. Tex.). In Contreras, the issue of whether to allow recanting testimony into evidence, the Court holds that recantations are admissible and due to insufficient evidence, the court could deny a request for extradition.

Similarly as in Contreras, in the Grabowski case the government failed to acknowledge that the victim, who at the time was nineteen years old, did not initially report the alleged crime. The victim's mother is the person who called the police against the victim's wishes. The victim

was coerced by her mother to interact with the police and give a false statement to avoid embarrassment and shame with regard to what occurred sexually with Zagaja and Mr. Grabowski.

As noted in the file, the victim at the trial recanted her claims against Respondent and did not wish to further pursue prosecution against Respondent. The prosecutor misinformed the victim and told her that she would be prosecuted for changing her testimony. The victim during this time has been consistent in wishing not to pursue prosecution against the respondent, although her testimony each time was inconsistent as to the time, place and dynamics of the events of the alleged crime.

Again, consistent with her testimony at the trial, the victim signed a sworn affidavit that she and the respondent did have consensual sexual contact (Exhibit A). The victim originally was pressured by her mother to make her statement against the respondent. In the affidavit she also confirms that she attempted to recant her statement on September 7, 2001, but was coerced by the prosecutor not to change her statement or she would be charged with a crime. After almost two decades the victim maintains that the respondent is not guilty. If the government has a case based <u>only</u> on a private complaint and the alleged victim later recants her testimony, and then reaffirms that fact today as an adult as she confirms the truthfulness of her trial testimony, then the aforementioned clearly and unequivocally negates the probable cause Mr. Grabowski was convicted upon.

Again, the victim's recantation does not merely contradict the government's evidence with regards to Mr. Grabowski's unjust convictions but it is explanatory. The victim's recantation is simply explaining why she was coerced into her first statements twenty years ago. Since her first recantation, she has been consistent that her sexual interaction with Mr. Grabowski was consensual. The victim's recantation fully and unequivocally explains away or completely

obliterates the probable cause of Mr. Grabowski's conviction. Mr. Grabowski is not a provocateur of a crime but a victim of the malfunctioning legal system in Poland that is now being recognized by many European Courts and the European Tribunal of Human Rights in Strasburg as a systemic abuse of justice.

## II.  IT IS PROPER FOR THE ALLEGED VICTIM'S TESTIMONY TO BE PRESENTED BY LIVE VIDEO

Under Rule 30(b)(2), unless the court orders otherwise, a deposition "may be recorded by sound, sound-and-visual, or stenographic means." Fed. R. Civ. P. 30. The court may allow a witness to provide testimony presented by live video if the request meets a two-part inquiry: (1) the party seeking remote depositions must advance a legitimate reason; and (2) the burden shifts to the opposing party to make a "particularized showing" that remote depositions are prejudicial. *Swenson v. GEICO Cas. Co.*, No. 219CV01639JCMNJK, 2020 WL 4815035, at *2 (D. Nev. Aug. 19, 2020) (internal citations omitted). If the party opposing remote depositions cannot show a "particularized showing," then the court should grant the motion. *Id.* Furthermore, Courts across the nation have recognized "pandemic conditions" and "physical distancing orders related to the current pandemic" as legitimate reasons for holding depositions remotely. *Swenson*, 2020 WL 4815035, at *5; *Lee v. Dennison*, No. 2:19-CV-1332-KJD-DJA, 2020 WL 4809430, at *4 (D. Nev. Aug. 18, 2020).

Here, there are multiple legitimate reasons to allow the alleged victim to provide sworn testimony on live video. The alleged victim currently resides in Poland and it would be unreasonable and unsafe for her to travel internationally due to the ongoing COVID-19 pandemic. The witness would have to provide photo identification and swear an oath where she would be subject to perjury should she provide false testimony regardless of whether she is in the United

4

States or Poland through extradition. The government would be permitted to cross-examine the witness using the live video and do their own investigation. The government cannot rely on the alleged victim's testimony to prove probable cause needed for extradition and at the same time question her standing to provide a truthful testimony which will negate the probable cause and thus undermine the foundation of the extradition itself.

### III. CONCLUSION

WHEREFORE, your affirmant respectfully requests that the Court deny the government's motion in its entirety.

Dated: December 22, 2020          Respectfully submitted,

*/s/ Livius Ilasz*
Livius Ilasz, Esq.
Ilasz & Associates
One Maiden Lane - 9th Floor
New York, New York 10038
Phone: (212) 480-2222
Fax: (212) 480-2958